```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| N.C.W.C., INC., | CIVIL ACTION NO. 07-6105 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| NATIONAL AUTO WARRANTY SERVICES, INC., | |
| Defendant. | |

**THE COURT**, by order entered July 2, 2008 ("July Order"), advising the plaintiff that the complaint would be dismissed unless the plaintiff properly moved pursuant to Federal Rule of Civil Procedure ("Rule") 55(b) for entry of judgment by default by July 25, 2008 (dkt. entry no. 10, 7-2-08 Order); and

**THE CLERK OF THE COURT** — on February 28, 2008 — granting the plaintiff's request for entry of default pursuant to Rule 55(a) against the defendant (dkt. entry no. 6 & unnumbered dkt. entry thereafter); and the plaintiff taking no further proceedings until June 25, 2008, when the plaintiff moved "to schedule a proof hearing for the entry of default judgment" ("First Motion") (dkt. entry no. 7); and the plaintiff, upon being contacted by the Clerk's Office, withdrawing the First Motion and moving more appropriately for entry of judgment by default ("Second Motion") (dkt. entry nos. 8-9); but

**THE PLAINTIFF** failing to provide the Court — in support of the Second Motion — with (1) a proposed judgment, for the Court

to sign, specifically stating the relief to be awarded, e.g., a specific amount of damages and specific equitable relief, see Fed.R.Civ.P. 7.1(e), and (2) proof of entitlement to damages and equitable relief in the form of affidavits or certifications; and the Court thus (1) denying the Second Motion without prejudice, and (2) advising the plaintiff that the Court would:

> dismiss the complaint unless the plaintiff moves for entry of judgment by default under Rule 55(b) . . . by July 25, 2008, see L.Civ.R. 41.1(a), see also Fed.R.Civ.P. 41(b) (stating complaint may be dismissed for failure to prosecute), see also Telequip Corp. v. Change Exch., No. 01-1748, 2004 WL 1739545, at *1 (N.D.N.Y. Aug. 3, 2004) (noting court — eight days after court clerk entered default — ordered complaint would be dismissed for lack of prosecution unless plaintiff immediately moved for entry of judgment by default)

(7-2-08 Order at 2); and the Court thus notifying the plaintiff of the intention to dismiss, even though the Court "may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting", Reshard v. Lankenau Hosp., 256 Fed.Appx. 506, 506 (3d Cir. 2007) (cite and quotes omitted), cert. denied, No. 08-73, 2008 WL 2785492 (U.S. Oct. 6, 2008); and

**IT NOW APPEARING** that the action has been pending for more than 120 days since the Court entered the July Order without the plaintiff taking any proceedings; and it appearing that the Court is authorized to dismiss the complaint for the lack of prosecution, see L.Civ.R. 41.1(a), see also Fed.R.Civ.P. 41(b)

(stating complaint may be dismissed for failure to prosecute); and the Court being authorized to impose harsh penalties when enforcing the Local Civil Rules, see <u>Kabacinski v. Bostrom Seating</u>, 98 Fed.Appx. 78, 82 n.3 (3d Cir. 2004); <u>United States v. 11 Vehs., Their Equip. & Accessories</u>, 200 F.3d 203, 214 (3d Cir. 2000); and

**IT APPEARING** that a court, when deciding whether to dismiss a complaint under Rule 41(b), must balance:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense

<u>Poulis v. State Farm Fire & Cas. Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984); and

**IT APPEARING** that the plaintiff (1) took no steps to prosecute the action for four months before filing the Second Motion, and (2) has yet to abide by the July 2008 Order, even though it was entered by the Court more than 120 days ago; and thus it appearing that the plaintiff has (1) become personally responsible for the delay, (2) been consistently dilatory, and (3) shown willful conduct; and thus it appearing that the first, third, and fourth <u>Poulis</u> factors weigh against the plaintiff; and

**IT FURTHER APPEARING** that the plaintiff has not taken any proper steps to prosecute this action for a combined total of eight months; and thus it appearing that the plaintiff's consistent delay in prosecution has prejudiced the defendant in its defense of this action; and thus it appearing that the second Poulis factor weighs against the plaintiff; and it further appearing that the Court has afforded the plaintiff — and the plaintiff has failed to take advantage of — the opportunity to properly proceed, and thus the Court must conclude that (1) a sanction other than dismissal will engender more delay and be ineffective, and (2) the fifth Poulis factor weighs against the plaintiff; and the Court being unable to discern whether the claims herein have merit; and thus the Court deeming the sixth Poulis factor to be neutral; and

**IT APPEARING**, upon balancing the aforementioned six factors, that the complaint must be dismissed for failure to prosecute and to abide by the July Order; and for good cause appearing, the Court will issue an appropriate order and judgment.

        s/ Mary L. Cooper
        **MARY L. COOPER**
        United States District Judge

Dated:  November 3, 2008